This case results from a collision between an electric street car and an automobile which occurred at about 1:30 o'clock in the afternoon, at the corner of Jackson Avenue and Prytania Street in New Orleans. Jackson Avenue has two vehicular traffic lanes separated by a neutral ground on which there are two street car tracks. Prytania Street crosses Jackson Avenue at a right angle and traffic on that street is permitted to operate in both directions. At the corner there are automatic electric semaphore lights by which traffic is controlled. The automobile of plaintiff, driven by him, was going up Prytania Street, and an electric street car of defendant company was being operated out Jackson Avenue towards the Mississippi River. Neither of these vehicles stopped before entering the intersection and, before the automobile of plaintiff could clear the crossing it was struck on its right side by the street car. It was severely damaged and plaintiff, who was driving it, was slightly injured.
He brings this suit against the defendant company and, alleging that the collision resulted solely from negligence on the part of the motorman on the street car, prays for judgment for $1,399.46, averring that he is entitled to $1,000 for his pain, suffering and shock, $35 for medical and hospital bills, $349.46 for repairing his automobile, and $15 for towing it from the scene of the accident to the repair shop.
Plaintiff alleges that the motorman was negligent in that he failed to observe that the electric automatic semaphore light was red or unfavorable, and in that he was operating "the said street car in a reckless and negligent manner."
Defendant denies all charges of negligence made against its employee, and, in the alternative, charges that if there was any such negligence, the cause of the accident was the contributory negligence of plaintiff, himself, in operating his automobile at an excessive rate of speed, in attempting to cross Jackson Avenue when the electric semaphore light was red or unfavorable to the said plaintiff, in failing to recognize the right of pre-emption which the street car, according to defendant, was entitled to, and in failing to exercise "that degree of care and caution necessitated by the circumstances then and there existing."
There was judgment for plaintiff for $624.45 made up of $225 for personal injuries, $15 for towing the car to the repair shop, $35 for medical and hospital bills and $349.46 for the cost of repairing the automobile.
From this judgment defendant has appealed.
Counsel for defendant now frankly admit that as the trial court has apparently found that the traffic light favored plaintiff and that the street car entered the intersection in spite of the unfavorable red light which faced it, there is no possibility *Page 474 
of our making a contrary finding since on that question of fact the court a qua is not manifestly in error. Therefore counsel say that the sole reason which prompted them to appeal is their belief that by his own testimony, plaintiff has convicted himself of contributory negligence without which there would have been no accident. They charge that plaintiff has admitted that he did not look to his right before entering the intersection or as he entered it, but relied entirely on his having the right of way as a result of the favorable light, and they contend that had he looked he would have seen the street car, would have realized that its motorman did not intend to bring it to a stop and would, himself, have stopped and avoided the crash.
Counsel maintain that as a matter of law, an automobile driver who enters an intersection relying entirely upon the fact that the right of way is with him, and who does not make some effort to ascertain whether any traffic may be crossing ahead of him, is guilty of negligence, and that by this negligence recovery is barred, provided it be made to appear that had he looked he would, himself, have been able to avoid the accident. Counsel rely on three cases, all decided by this court. Seiner v. Toye Bros. Yellow Cab Co. et al., La. App.,18 So.2d 189; Keintz v. Charles Dennery, Inc., La. App.,17 So.2d 506, and Thomas v. Roberts, La. App., 144 So. 70.
It is true that in each of those cases we held that even where a vehicle enters an intersection on a favorable light, there may be circumstances which will require the driver to exercise some degree of caution, and that where such circumstances exist, and it appears that by the exercise of the slightest degree of care the driver could have seen and appreciated the danger, his failure to look constituted contributory negligence.
In Thomas v. Roberts, supra, we found a driver who, on going up St. Charles Avenue, reached Louisiana Avenue just as the electric semaphore light had changed to green, and therefore was in his favor. We found that this driver, in an effort to "beat" other vehicles which were stopped for the light, passed those other vehicles to their right and by them was prevented from seeing another vehicle, which had not cleared the intersection, and which other vehicle he would have seen had he looked. We found also that by the fact that the other vehicles remained stationery, he should have been warned that there was other traffic still in the intersection. Those were the unusual circumstances which deprived him of the right to rely absolutely on the fact that he had a favorable light and to attempt to cross without looking.
In Seiner v. Toye Bros. Yellow Cab Co. et al., supra, we found that the operator of a motor bus had entered the intersection on a favorable light but without looking for vehicle on the intersecting street. We found, too, that another vehicle on the intersecting street entered the intersection on an unfavorable light. We were urged to apply the doctrine of Thomas v. Roberts and to hold that the failure of the operator of the bus to look rendered his employer liable. But we did not find facts which required that he look. At least one vehicle ahead of him crossed on the same favorable light and two or more other vehicles, going in the opposite direction, were crossing on the same favorable light. We held that there was not the slightest reason to anticipate that across this stream of traffic, a taxicab driver would attempt to make his way against an unfavorable light. And, more important still, we found that had the bus driver looked he would have been justified in assuming that the driver of the taxicab intended to stop before entering the intersection, and that therefore the failure of the bus driver to look did not cause or contribute to the accident. We said: "* * * if the bus operator had seen it there would have been no reason for alarm, as he would have had the right to assume that it would stop and allow him to proceed. * * *"
In Keintz v. Charles Dennery, Inc., supra, even the majority opinion did not hold that in all cases the driver of a vehicle crossing on a favorable light must look for traffic on an intersecting street. All that we said was that there may be circumstances which will require that such a driver exercise caution even though he is crossing under the protection of a favorable light. We pointed there to unusual circumstances which we thought justified the conclusion that the driver, even though he was crossing on a favorable light, should have looked for traffic on the other street. The street which he was crossing was a very wide, double thoroughfare avenue with a neutral ground in the center 38 feet wide. We found that after entering the first intersection a distance of 74 feet remained ahead of him before entering the second *Page 475 
roadway, and we held that at some time while driving that 74 feet he should have looked again to see whether there was any traffic in the second roadway.
Here we find no such facts. Jackson Avenue is not especially wide, though it is true there are two street car tracks on the neutral ground. To plaintiff's left there was another vehicle which had come to a stop in recognition of the fact that the same red light which faced the motorman on the street car faced the driver of that other vehicle. We do not think that under those circumstances Fitzpatrick was guilty of negligence in entering the intersection without making a careful survey to see that no other vehicle was about to enter it in the face of an unfavorable traffic signal.
[1] Even if Fitzpatrick, just as he entered the intersection, had looked and had seen the street car, there was nothing which would have indicated to him that the motorman did not intend to bring the car to a stop before it reached the intersection. We think that at that time its speed was not great and that it could have been brought to a stop had the motorman noticed that the light facing him was red. He says that when his car reached a point about 45 or 50 feet from the intersection, he had reduced its speed to about 15 miles per hour, and that as he got nearer, he reduced its speed because "when we approach the intersection we check the speed of our car." Therefore just at the moment at which Fitzpatrick would have noticed the car, had he looked, the car was running at so slow a speed that the motorman could have stopped it for the intersection as he should have done because of the traffic light. Fitzpatrick would have been correct in assuming that the street car would be brought to a stop because he knew that the green light facing him meant that the red light faced the motorman.
It is true that Fitzpatrick says that when he first saw the street car it was going "at a very rapid rate" and that "it threw an awful fright into me", but he did not see the car until an instant before the accident and naturally he thought that its speed was great. As a matter of fact, it was greater than it had been a moment or two before because the motorman says that after slowing down "I had began to feed it again * * *".
[2] Under all these circumstances we think that Fitzpatrick was not negligent in proceeding into the intersection at that time, and that, had he looked, he would have been justified in proceeding any way.
Apparently there is little or no controversy as to the quantum and we think that the amount allowed is justified by the evidence.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
WESTERFIELD, J., absent.