ROGERS, Justice.
 

 This is a suit for damages growing out of a collision between an automobile owned and driven by Louis Kientz and a truck owned by Charles Dennery, Inc., and driven by one of its employees. Mrs. Virginia Culotta Kientz, wife of Louis Kientz, who was in a passenger automobile driven by her husband, obtained a judgment in the First City Court of New Orleans for personal injuries sustained by her in the collision. The judgment was affirmed by the Court of Appeal for the Parish of Orleans, one judge dissenting. 17 So.2d 506. Certiorari has brought the case here.
 

 The accident occurred at about 6 o’clock in the evening of December 29th, 1942, at the corner of Carrollton Avenue and Banks Street in the City of New Orleans. Banks Street has two driveways, each 28 feet wide, separated by a neutral ground 8% feet in width. Carrollton Avenue also has two driveways, each 36 feet wide, separated by a neutral ground 38 feet in width. There is a light at the corner for the purpose of controlling traffic.
 

 The automobile of plaintiff’s husband in which she was a passenger was proceeding towards Canal Street on Carrollton Avenue, and defendant’s truck, driven by its employee, was crossing Carrollton Avenue on Banks Street proceeding in the direction of the business center of the city. The traffic light admittedly was defective in that the red or “stop” signal was not showing for traffic moving on Carrollton Avenue. It
 
 *147
 
 was, however, in good order so far as showing the green or "go” signal for traffic operating along Banks Street. The collision occurred when defendant’s truck, which was being operated on a green light and at slow speed, had crossed the first roadway of Carrollton Avenue, had passed beyond the neutral ground and had entered the other roadway, was struck on its right side and turned over by the automobile in which plaintiff was riding and which was driven by her husband at a speed of about 25 or 30 miles an hour.
 

 The record discloses, and in fact it is not seriously disputed, that Mr. Kientz was guilty of negligence, but his negligence can not be imputed to plaintiff, his wife. And if the negligence of defendant’s driver contributed to the accident, she is entitled to a recovery against defendant.
 

 It is admitted that defendant’s driver was proceeding on a favorable light after looking to his left for traffic traveling in the upper roadway and to his right for traffic traveling in the lower roadway of Carroll-ton Avenue, but because he did not look again before negotiating the crossing, the Court of Appeal holds that he was guilty of negligence, on the theory that if he had looked to his right before entering the lower roadway, he would have realized that Kientz did not intend to stop and that his speed was such that he could not stop.
 

 The driver of defendant’s truck testified that he did not look to the right or in the direction from which the automobile driven by plaintiff’s husband was approaching, because he assumed that the driver of any motor vehicle approaching from that direction would stop for the red light. He stated he was looking ahead to ascertain if pedestrains were crossing Banks Street on the lower side of Carrollton Avenue as he considered it was his duty to do.
 

 The question for decision is whether, on the facts shown by the record, defendant’s driver when entering the lower roadway of Carrollton Avenue was guilty of contributory negligence in not looking to the right or in the direction of the approaching automobile in which plaintiff was riding.
 

 In deciding this case, the Court of Appeal apparently followed its decision in Thomas v. Roberts, 144 So. 70, holding that a motorist who enters an intersection on a favorable light without looking for approaching vehicles and is struck by another vehicle entering the intersection at an excessive speed against a red light is guilty of contributory negligence. But in the case of Fitzpatrick v. New Orleans Public Service Company, 22 So.2d 473, which involved an intersectional collision, where counsel for the defendants relied on the decisions in this and the Thomas cases and also in the case of Seiner v. Toye Brothers Yellow Cab Company, 18 So.2d 189, the Court of Appeal pointed out that in each of those cases the Court found that there were exceptional circumstances that required the driver of the motor vehicle approaching the intersection favored with a green light to exercise some degree of caution, and that if, by the slightest degree of care, the driver could have seen and appreciated the danger, his
 
 *149
 
 failure to look constituted contributory negligence.
 

 In the Fitzpatrick case, the Court of Appeal for the Parish of Orleans held that a motorist in approaching a street intersection favored by a green light could assume that a street car by which he was struck would be brought to a stop, and that as a matter of law he was not guilty of contributory negligence in entering the intersection without looking to see that no other vehicle was about to enter against a red light, where even if he had looked there was nothing to indicate that the motorman did not intend to bring the car to a stop before it reached the intersection.
 

 In Manuel v. Bradford, 166 So. 657, the Court of Appeal also commented upon its decision in the Thomas case holding that the doctrine announced in that case should not be extended beyond the limit applied therein. As pointed out in the dissenting opinion in this case, the facts in the Manuel case are strikingly similar to the facts in this case. There the court held that a motorist crossing a roadway against a red light on a neutral ground street on which he was traveling, was justified in assuming that the other motorist would obey the law and stop on the neutral ground so long as it was possible for him to do so. . In the Manuel case, Manuel saw the Bradford car and testified that he believed it could and would stop. The. Court held that he was not guilty of contributory negligence. In this case defendant’s driver did not see the automobile driven by plaintiff’s husband, and we are not convinced from our examination of the record that even if he had looked to the right he could have seen the automobile approaching the intersection in time to avoid the accident.
 

 It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law. But it also can not be disputed that under the traffic light system a motorist, who is proceeding on a proper signal, should not be held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed and he is not required to anticipate that pedestrians or other motorists will, in violation of law, enter a crossing on a wrong signal. The danger at such crossing is less than if there were no such signals and therefore «less care is exacted. Clark v. De Beer, 188 So. 517, 520, decided by the Court of Appeal for the Second Circuit. In that case a motorist traveling on a green light, at a street intersection, struck a bicyclist who was running against a red light. The Court of Appeal, in its opinion, correctly observed: “She (the motorist) observed no one approaching, so she directed and continued her attention in front of her and proceeded forward. It was not encumbent on her to persist in looking from side to side as she
 
 *151
 
 progressed. Her legal duty, in view of the fact that she had the right of way, was to operate her car cautiously and carefully at a moderate speed, to be reasonably diligent in her driving and to maintain a general observation of the intersection.” The Court also cited its own opinion previously rendered in Roll Osborn & Sons v. Howatt, La.App., 167 So. 466, where an intersectional collision occurred between an automobile proceeding on a green light and an ambulance running against a red light. In that case the Court held that the driver of the ambulance and not the driver of the automobile was guilty of negligence. In rendering its decision the Court stated that the driver of the automobile looked ahead and that the green light was in his favor; that he had no reason to anticipate the approach of the ambulance, and was not delinquent in his failure to see and hear that which he was not legally required to anticipate.
 

 The record in this case, as we appreciate it, shows that at the time the driver of defendant’s truck entered the Carrollton Avenue intersection the traffic on that street, which had been moving over the Banks Street intersection, had already completed the crossing. Before defendant’s driver entered the roadway he looked first to the left and then to the right, and observing that there was no traffic moving in either of the two roadways on Carrollton Avenue, he proceeded over the crossing. In so doing he was justified in assuming that any motorist approaching on either side of the intersection roadways would bring his vehicle to a stop because he knew that the green light facing him meant, or should have meant, that the red light faced the other motorist who should approach it at a moderate speed and with his vehicle under control. From which it clearly appears that there was no cause for alarm on the part of defendant’s driver for he had driven his truck over 90 feet of the crossing on a green light and there was no reason for him to believe that it would be dangerous to continue over the short distance of the intersection yet to be traversed. In these circumstances, defendant’s driver was not bound to anticipate the negligence of another motorist. As was correctly observed in the dissenting opinion in this case [17 So.2d 513] : “We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others. Hence, in gauging the fault which is attributed to one, who was operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.”
 

 Our conclusion is that defendant’s driver did not operate the truck in a negligent manner and that he did everything he was legally required to do in negotiating the crossing where the truck was struck
 
 *153
 
 by the automobile driven by plaintiff’s husband.
 

 For the reasons assigned, the judgment of the Court of Appeal and the judgment of the First City Court of New Orleans which it affirmed are annulled, and it is now ordered that there be judgment in favor of the defendant, Charles Dennery, Inc., and against plaintiff, Mrs. Virginia Culotta Kientz, dismissing plaintiff’s suit at her cost.