REGAN, Judge.
Plaintiff, Mrs. J. Foley, owner and operator of a Plymouth Sedan, instituted this suit endeavoring to recover the sum of $9,110, representing personal injury and property damage incurred on November 29th, 1947, at about 2:45 p. m. by virtue of a collision in the intersection of Magnolia and Felicity Streets, in the City of New Orleans, between her automobile and a taxicab, owned and operated, at the time of the accident, by Joe Bell, and insured by Nola Cabs, Inc.
Defendants answered and denied that Bell was guilty of any fault in the premises and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of defendants dismissing her suit, plaintiff prosecutes this appeal.
The record reveals, as we have observed on other occasions, the usual controversial facts almost always present in an intersec-tional collision.
Magnolia and Felicity Streets are conventional paved roadways. Magnolia Street, for the purpose of orientation, originates at Gravier Street and terminates-at McAllister Place, and Felicity Street originates at the river and terminates at S. Claiborne Avenue. Traffic is regulated', at this intersection by virtue of a semaphore traffic signal suspended over the center of the intersection.
Plaintiff was driving her Plymouth Sedan, in Magnolia Street in the general direction of Gravier Street and proceeded to-traverse the intersection of Magnolia and. Felicity Streets at a speed of approximately twenty miles per hour. At about the same moment, defendant, Joe Bell, the-operator of the taxicab, collided with plaintiff’s car damaging the right center thereof, which resulted in the personal injuries, complained of by plaintiff.
There is a dispute between plaintiff and. defendants as to the color of the auto-- *663 matic semaphore traffic signal and the speed of the respective automobiles at the moment of the accident. Plaintiff contends that she entered the intersection on a green light, at a speed of about twenty miles per hour and that the taxicab entered therein in disregard of a red light at a speed of between forty and fifty miles per hour and struck her car. Plaintiff vigorously insists that the accident was due to the exclusive negligence of the defendant, Bell, in driving at an excessive rate of speed, entering the intersection in derogation of an unfavorable light and, in the final analysis, in not having his car under sufficient control to avert the accident.
Defendants maintain that Bell was driving about twenty miles per hour and that, he entered the intersection on a green light. Defendants further maintain that the sole cause of the accident was the negligence of the plaintiff in “entering the intersection on a red light”; “failing to keep a proper lookout”; “failing to keep her automobile under proper control” and in “driving at an excessive rate of speed.” In the alternative, defendants, plead that if there was any negligence on the part of Bell, then plaintiff was guilty of contributory negligence.
The only question posed for our consideration by virtue of the evidence contained in the record is one of fact, and that is whether the plaintiff or defendant entered the intersection on a favorable or green light as reflected by the automatic semaphore traffic signal suspended over this intersection.
There were two disinterested eye-witnesses to the accident besides the plaintiff and the defendant Bell, namely, Michael ■Caminita, Jr., the owner of a meat market, located at the corner of Magnolia and Felicity Streets, and Elease Terrill, who was Standing on a corner of the intersection at the time of the collision. Both of these witnesses appeared on behalf of the defendants. They were both very positive in their testimony that plaintiff entered the intersection in the face of a red light as reflected by the traffic signal and that the taxicab was not being operated at an excessive rate of speed. No witness appeared on behalf of plaintiff to corroborate her testimony that she entered the intersection on a favorable light at a speed of about twenty miles per hour.
In our opinion the evidence overwhelmingly preponderates in favor of the defendants to the effect that Bell entered the intersection on a favorable light and that the proximate cause of the accident was plaintiff's entrance into the intersection in violation of an unfavorable light.
In Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294, the Supreme Court said: “It cannot and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it cannot and will not be disputed that a motorist cannot, in the face of imminent danger, rely upon the right of way accorded him by law. But it also cannot be disputed that under the traffic light system a motorist, who is proceeding on a proper signal, should not be held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed and he is not required to anticipate that pedestrians or other motorists will, in violation of law, enter a crossing on a wrong signal. The danger at such crossing is less than if there were no such signals and therefore less care is exacted.”
This is obviously a case which permits of the application of the accepted doctrine that, the conclusions of the trial court will not be disturbed or reversed, when questions of fact are exclusively encompassed by the judgment, unless clearly erroneous.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.