ELLIS, Judge.
This action is brought as a result of an intersectional collision. The plaintiff, Audubon Insurance Company, was the collision insurer of an automobile owned by Allen Collins, which collided with a truck owned by Lee Duet d/b/a Standard Tile Company. The truck was insured by Travelers Insurance Company, also joined as a defendant in this suit.
After a trial on the merits, judgment was rendered dismissing the demands of the plaintiff.
At the outset, we should point out that the three witnesses to the accident were Mr. Collins, the driver of the automobile, Joseph R. Williams, the driver of the truck and a Mr. Carlo Fazzio. Mr. Fazzio was driving behind the Collins automobile with another automobile between his automobile and the Collins car.
The undisputed facts disclose that Collins was driving East on Main Street in the City of Houma, Louisiana. The defendant’s truck had stopped on Gabasse Street for the traffic signal light, located in the middle of the intersection of Main and Gabasse Streets. The traffic signal light was timed the same on both Main and Gabasse Streets with the green light being 32 seconds, the caution (orange) light being 4 seconds, and the red light 36 seconds. The caution light does not operate when the signal light changes from red to green. Gabasse Street comes to a “dead end” on Main Street, i. e., this is a “T” intersection.
A “no left turn” sign faces Gabasse and a “right turn on red” sign faces Main Street travelling east. The evidence from this point on was conflicting and must be reconciled with all of the surrounding circumstances.
Plaintiff alleged and Collins testified that as he drove east on Main he saw the green light, the light still being green when he was IS feet away. He stated that as he approached the intersection at *246 a distance, he observed a truck some 75 feet away moving slowly but that since the traffic light was green in his direction, he assumed that the truck would stop. He testified that he kept looking at the light until his automobile was 15 or 20 feet away and he then proceeded into the intersection and had just passed the traffic signal when he saw the truck 3 feet away and realized a collision was about to occur. The next instant his automobile collided with the Standard Tile Company’s truck. The trial court rejected this version of the accident accepting Williams and Fazzio’s testimony as the actual facts governing the accident.
Williams, the driver of the Standard Tile Company’s truck, testified that he was stopped for the Main Street red light on Gabasse. The light turned green for Gabasse Street traffic and he first looked to his right on Main to determine whether any automobiles were going to turn from his right on Main to Gabasse. He saw no automobile approaching to his right on Main Street, shifted into second and entered the intersection. As his truck had entered approximately 5 to 6 feet of the intersection, it collided with Collins’ automobile, striking it just behind the front door with the left front bumper of the truck striking Collins’ automobile. Williams was certain that he had waited until the light changed to green before he moved his truck at all. His testimony was corroborated by the only other witness to the accident, Mr. Fazzio.
Mr. Fazzio testified that he was in the third car in a line of traffic moving east on Main Street, Collins’ automobile, being the leading car. He was positive in his testimony that the traffic signal in the middle of the Main and Gabasse Intersection was red for Main Street traffic when Collins entered the intersection. He stoutly maintained that the first car ran through the red light, and that the car immediately in front of him as well as his own car, stopped for the red light. This is shown by his testimony as follows:
“Q. Did he pass through that intersection on a green light or a red light?' A. It was red, because I was behind him waiting.
“Q. Do you know whether Mr. Collins-stopped before going across ? A. I didn’t notice that part.
“Q. Can you give us a little idea how long you had been sitting there waiting for that red light? A. Oh, about five minutes, whatever the light takes. Than all of a sudden I heard the noise, and I got out, because we couldn’t go by, the-traffic was blocked.
“Q. You actually saw the red light?' A. Yes, sir, I was there waiting for it. There was no way of passing.
“Q. Do you know who the car was. ahead of you? A. No, sir, I don’t.”
The trial judge accepted the testimony of Fazzio as being the controlling factor-in his decision that Collins had actually,, either through neglect or mistake, run. through the red light
In his reasons for judgment he noted: that had the light been green as stated by Collins, then, before the green light would appear to the driver on Gabasse Street,, there would have been a four-second interval in which the caution light would' have been visible to the drivers on Main-Street.
The lower court noted that at a speed of 15 to 20 miles per hour, assuming that the light was green, when the Collins vehicle was 15 feet from it, and if the-light changed to caution as he moved into the intersection, he would have been travel-ling approximately 20 to 25 feet per second. The intersection was only 32 feet, wide and at a speed of 15 miles per hour,, he would have crossed the intersection and been some 50 feet past the intersection on Main Street when the light had. changed to red on Main Street and, conversely, green on Gabasse Street. The-result being that the accident would not have occurred.
*247 It should be noted that the light, when changing from caution to green on Main Street, turns from red simultaneously to green on Gahasse Street. In other words, every time the light is green in one direction, it is red in the other direction and the changes are simultaneous.
We agree with the trial court that the determinative factor in this case was the positive testimony of Mr. Fazzio. The trial judge in clear and concise language given in his reasons for judgment dictated in the record gave his reasons for believing Mr. Fazzio. We quote therefrom:
“It seems to me that the determinative factor in this case is the testimony of Mr. Fazzio. He was there looking. He said he was stopped on Main Street. His car was the third car from the intersection; that he had stopped for a red light, and that Mr. Collins went through the red light which he was supposed to have stopped for and did not, and went on into the intersection. So far as I know Mr. Fazzio is entirely disinterested. He has no interest in this case one way or another. I can’t think of a reason on earth why he should have told anything except what he saw. The likelihood of his having seen something is demonstrated at least to me by the circumstances that I know Mr. Fazzio has been in the hauling business for a number of years, so he has occasion every day in the operation of his hauling business to look at traffic lights and to know what he sees when he looks at traffic lights. Therefore, when he says he saw a red light I have no reason on earth to believe that he saw anything except the red light he testified about.
“Now, if there is any question as to just what the other two witnesses saw, the driver of plaintiff’s car and the driver of defendant’s truck, I would have to say that the testimony of Mr. Fazzio certainly sways the balance of the scales in favor of the driver of the truck when he says that the driver of plaintiff’s car entered that intersection on a red light.
“A driver of a motor vehicle is entitled to expect the drivers of other motor vehicles to observe traffic regulations, and I would certainly say if the Collins car had only been travelling at the rate of fifteen miles an hour there would have been time to stop. I am inclined to think that Mr. Collins, who also had his opportunity to exercise a last clear chance, could have stopped in a very short distance. I don’t see anything on this chart to indicate what the stopping distance is at fifteen miles an hour, but I do see that at twenty miles an hour stopping distance, including reaction time, is forty feet, and at fifteen miles an hour it is considerably less than that. It may be that he also failed to exercise the last clear chance which he may have had. It is possible in testifying here he may honestly have believed that he entered the intersection on a green light just as the man I am telling you about yesterday thought he had the right to enter the traffic lane. The fact he believed it didn’t make it so, and I would have to say on the basis of Mr. Fazzio’s testimony that the plaintiff’s act in entering that intersection on a red light was the negligence that was the proximate cause of this accident.”
Plaintiff has cited as authority in support of the proposition that defendants truck driver was negligent, Schindler v. Gage, La.App., 59 So.2d 215 and Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292.
We find that both of the cases do not apply to the set of facts that this court is faced with in this suit.
In both the Schindler case and the Kientz case, cited supra, the court held the driver entering an intersection upon a favored green light to be negligent without determining that the intersection was clear or about to be crossed by oncoming traffic. To quote briefly from the Kientz case:
“It cannot and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collided with another motorist who enters an intersection on an unfa *248 vorable light * * * ” 24 So.2d at page 294.
Applying the facts of this case to the rule set forth above in the Kientz case we cannot find that defendant’s truck driver either was reckless or failed to execute the required degree of caution under the circumstances.
We conclude as did the trial judge that the truck driver was not negligent in any manner whatsoever, since he had waited for a green light and was prudently maintaining a proper lookout for traffic that might have been turning towards his vehicle. We fully agree with the conclusions of the lower court that the sole and proximate cause of this accident was the negligence of Mr. Collins, in running through a red light.
Judgment affirmed.