AYRES, Judge.
This is an action in tort wherein the-public liability insurer of an automobile of Isiah Southall, to whose rights it was sub-rogated, seeks to recover damages, of the defendant O. B. Graves and his insurer,, which resulted to the Southall car. From a. judgment in favor of plaintiff for a stipulated amount of damage, defendants prosecute this appeal.
The accident occurred on December 31, 1962, on Line Avenue, a 4-lane thoroughfare of the City of Shreveport, 84 feet north' of the avenue’s intersection with 77th Street, a narrow inferior street crossing the main thoroughfare at right angles.
The manner of the occurrence of the accident is not in dispute. Southall, proceeding easterly on 77th Street, stopped on reaching the intersection and, on making observation of the traffic situation on Line Avenue, saw defendant’s vehicle approaching from the south, that is, from his right, about two blocks áway; whereupon, on concluding he had sufficient time and opportunity to enter the intersection and make a left turn northward, he proceeded with the maneuver and reached a point 84 feet north of the north boundary of 77th Street when his car was struck from the rear by the Graves vehicle. At the time of the accident both vehicles were in the inside northbound traffic lane. Graves testified he was about two blocks away when he saw Southall entering the intersection, whereupon he-lifted his foot from the accelerator but, nevertheless, continued without applying his brakes until he reached the intersection. The collision occurred after the Graves-vehicle skidded 102 feet. By the force of the impact, the Southall vehicle was destroyed.
Notwithstanding Graves’ testimony that his speed prior to the accident was only 35-40 m. p. li., the trial court con- *59 •eluded, from the distance the Graves car skidded and the force of the impact, demolishing the Southall car, Graves was driving at a speed greatly in excess of the 35 m. p. h. limit, and, moreover, that such speed was the cause of the accident. From our •own review of the record, we find no manifest error in this conclusion.
The defendants contend, however, that Southall was guilty of contributory negligence in failing to yield the right of way to oncoming traffic on a major traffic thoroughfare, and in making a left turn therein.
The Highway Regulatory Act of 1962, in LSA-R.S. 32:123(B.), provides:
“ * * * every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop * * * before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.”
Also provided in the Highway Regulatory Act of 1962, LSA-R.S. 32:104(A.), is the provision that
“No person shall turn a vehicle at an intersection * * * or otherwise turn a vehicle from a direct course * * * unless and until such movement can be made with reasonable safety.”
These sections of the statute are in accord with the better rules of the prevailing jurisprudence.
When Southall saw defendant’s vehicle approaching from about two blocks away there was nothing to suggest to him that defendant was traveling at such a speed that he could not complete the movement in safety, and under such situation Southall was entitled to assume that the defendant was traveling within the proper speed limit. A motorist is not contributorily negligent in assuming that other motorists will obey, and are obeying, the traffic laws in the absence of notice to the contrary. Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535; White v. Travelers Insurance Company et al, La.App., 2d Cir., 1957, 94 So.2d 564; Paggett et al v. Travelers Indemnity Company et al, La.App., 2d Cir., 1957, 99 So.2d 173, 176; Prewitt ex ux. v. St. Paul Fire & Marine Insurance Corp. et al, La.App., 2d Cir., 1960, 126 So.2d 389. Had the defendant been driving at the legal rate of speed of 35 m. p. h., his approach to the intersection would not have constituted an immediate hazard; and Southall, having no reason to believe the defendant was exceeding this speed, was not required to yield the right of way to defendant. Southall’s driving experience included two years as a courtesy-car driver for one of the large automobile agencies in the City of Shreveport. His observation made and conclusion reached before entering the intersection appear to have been those of a reasonably prudent driver. Under the circumstances his act of turning at an intersection appeared to be a movement which could have been made with reasonable safety.
Our conclusion is that his negotiation of the turn would have been completed in safety except for the grossly excessive speed at which defendant Graves was traveling. Moreover, it would appear that, since there was no other traffic in the vicinity, Graves, in any event, had the last clear chance to avoid the accident by turning either to his right or to his left and passing the Southall vehicle without striking it from behind. Graves had ample time and opportunity to avoid the collision, but failed and neglected to do so.
For the reasons assigned, the judgment appealed is affirmed at defendants-appellants’ cost.
Affirmed.