REID, Judge.
Plaintiffs, Donald R. Adams and Linda Kimble Adams have brought this suit against John Kimble, John L. Griffin and Griffin’s insurer, Associated Indemnity Corporation as a result of an accident that happened at the intersection of Avenue F and West Ninth Street in the City of Bogalusa, Louisiana. Plaintiff Donald R. Adams seeks the sum of $248.10 for the medical bills of his wife, the other plaintiff, Mrs. Linda Kimble Adams and Mrs. Linda Kimble Adams seeks damages for personal injuries in the amount of $2,278.-00.
Mrs. Adams was a guest passenger in a 1965 Ford owned by defendant John C. Kimble and operated at that time by his wife Mrs. John C. Kimble. She was proceeding north on Avenue F and John L. Griffin, driving a 1962 Chevrolet owned by him, was proceeding east on West Ninth Street. The accident happened on or about November 30, 1964 at about 5:30 P.M.
Plaintiffs allege that John L. Griffin was guilty of negligence consisting mainly of speeding, reckless driving, and running a traffic stop sign, which was the proximate cause of the aforesaid accident. In addition the plaintiffs allege that Jeanne Kimble, wife of John C. Kimble was guilty of negligence which consisted of reckless driving and operating her vehicle in darkness without any headlights, for which negligence defendant John C. Kimble is responsible as head and master of the community. Plaintiffs further alleged that Jeanne Kimble was operating the motor vehicle with the express knowledge, consent and determination of her said husband, John C. Kimble, and was in fact on a mission for the community.
Defendant filed an answer admitting he was the owner of the car involved in the accident and that the Associated Indemnity Corporation had issued a policy of liability insurance in his favor, denied any negligence and alleged that on coming to the intersection of West Ninth Street and Avenue F he stopped and looked both directions before proceeding into the intersection. He further alleged that upon entering the intersection he glimpsed an automobile headed south on Avenue F which he had not been able to see before due to the fact that it was dark and the automobile going south was driving without lights. He said that the cause of the accident was the negligence of Mrs. Kimble in driving without headlights, not keeping the proper *16 lookout and failing to take any precaution to avoid the accident.
The case was duly tried on the merits and the Trial Judge dictated into the record certain remarks which can be taken as written reasons for judgment. He rendered judgment in favor of plaintiff Donald R. Adams in the sum of $46.10 and in favor of Mrs. Adams in the sum of $1000.-00 against all the defendants in solido with interest from judicial demand and costs. From this judgment all defendants have appealed herein.
Appellants John L. Griffin and Associated Indemnity Corporation assigned two errors by the Trial Court. First, in holding that the sole and proximate cause was the negligence of Jeanne Kimble, and second in holding that John L. Griffin was guilty of negligence which was contributory to the accident herein.
The appellant, John C. Kimble, assigned two specifications of error: First, in finding negligence on the part of Mrs. John Kimble, and second, in fixing the quantum of plaintiffs’ damages.
Plaintiffs neither filed an answer to the appeal nor appealed herein themselves.
The Trial Judge at the conclusion of the testimony dictated into the record the following remark which we take as written reasons for his decision:
“Avenue F traffic is dense at that time and then that cross street there, there is pretty good traffic comes down around Avenue B and out 9th Street, and going west, and there is pretty good traffic coming from where Mr. Griffin lives and back in that neighborhood across that very crossing and the parties to this suit are familiar with the crossing. That I think is important and that stop sign there at the street means stop, look and listen and proceed more or less at your own risk, and then of course the people coming from the North down Avenue F have to maintain control of their vehicle to meet the emergency. They have the right to assume that Griffin would stop at the stop sign and stay stopped. That vapor light at the corner would illuminate a car, even that didn’t have any lights. I assume that she had her lights on. It is normal that she would have them on after dark but you do have a vaporized street there that you can very easily drive along and see a good distance without lights and sometimes people do fail to turn them on. I think there is enough negligence on the part of both drivers for the plaintiff to recover. I think that.”
As in most of these cases issues are largely factual. Avenue F was a through highway and a right of way street being a superior street to West Ninth Street. There were stop signs on West Ninth Street at the intersection of Avenue F. In addition to that the corner was illuminated by a vapor light which pretty well lighted the intersection.
The testimony of Mrs. Kimble and Mrs. Adams was that they approached the intersection with the lights on and they both saw the Griffin car coming toward Avenue F on West Ninth Street. They said that they thought he was going to stop and it appeared that he would, but that he only slowed down and then entered into the intersection. He stopped when he got just a little way into the intersection and the accident happened. Neither car was proceeding with any speed. The Griffin car seems to have stopped practically in its tracks after the accident and the Kimble car veered to the left to try to go around and wound up some ten or twelve feet over in a southeast direction.
Mr. Griffin testified that he came to Avenue F on West Ninth Street proceeding in an easterly direction going to his Trades School. He stopped at the intersection and looked in both directions and did not see any traffic approaching. He then pro *17 ceeded into the intersection when he saw the Kimble car approaching from the north. He then applied his brakes and stopped his car, but the Kimble car was too close and the accident resulted. He did say that his vision was blocked partly by some trees which were on the side of Avenue F.
Griffin testified positively that there were no lights on the Kimble car. Both Mrs. Kimble and Mrs. Adams testified that the lights were on. They discussed the fact among themselves about the lights being on. In addition, Mrs. Adams testified that when they stopped at a stop light several blocks north that she could see the reflection of the lights on a car crossing in front of them. It is true that Mrs. Kimble in her excitement right after the accident did tell the Policeman that she did not know whether her lights were on or not, but she thought they were.
The Trial Judge in his reasons stated that he assumed that Mrs. Kimble had her lights on but that even if they were not on the vapor light at the corner would illuminate the car. In spite of this finding that he assumed the lights were on he did find negligence on the part of both drivers to allow the plaintiff, a guest passenger in the Kimble car to recover.
We feel that in this holding our Learned Brother below committed manifest error. If Mrs. Kimble had her lights on she was guilty of no negligence and the accident would have been caused by the negligence of Griffin in coming into a controlled intersection without being certain that he could cross safely.
We feel that the holding in the Supreme Court in Koob v. Cooperative Cab Company et al., 213 La. 903, 35 So.2d 849 is the law applicable to the situation in this lawsuit. In this case the Supreme Court held as follows:
“The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. See Terminal v. Aetna Life Ins. Co. et al, La.App., 19 So.2d 286; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Glen Falls Ins. Co. v. Copeland, La.App. 28 So.2d 145. See also Mayfield v. Crowdus, 38 N.Mex. 471, 35 P.2d 291.”
Under this rule of law Mrs. Kimble had the right to assume that any driver approaching the intersection from the less favored street would observe the law and bring his car to a complete stop before entering the intersection and she could indulge in that assumption until she could see that the other car had not observed or was not going to observe the law.
We, therefore, feel that the proximate cause of this accident was the negligence of Griffin in entering a right of way street without taking the proper precaution to see, or observe, if any traffic were coming and bringing his car to a stop before entering the intersection. While he testified that he did come to a complete stop which was refuted by Mrs. Kimble and Mrs. Adams, he admitted that there were some trees which obstructed to some extent *18 his vision. In our opinion this would make this intersection extra hazardous and he should have taken extra precautions to make sure there was no approaching traffic upon Avenue F.
This brings us to the question of Mrs. Adams’ injuries. The appellant Griffin and Associated Indemnity Gorporation do not complain of the award in their Brief or in their Specifications of Error. Inasmuch as they do not complain of this and they will be the only ones cast in the judgment we are going to render herein it is doubtful that it is necessary for us to comment on Mrs. Adams’ injuries. However, we will say that Mrs. Adams was several months pregnant but the accident and resultant injuries had no effect upon her pregnancy other than her worry and anxiety over her condition. Her treating physician was Dr. E. B. Scoggins and he testified that she had a bruise on her right hip and abrasions, a skinned place on the left ankle region which was infected and that she was between the seventh and eighth month of pregnancy. He treated her, giving her a tetanus toxoid booster and placed her on some antibiotic tablets. He saw her on three separate occasions, December 8th, 11th and 23rd, 1964. His bill for his services only amount to $26.10 and the medical bills were $20.00.
Mrs. Adams did have some mental anxiety and worry about her condition and particularly the effect it might have on her unborn child, while it did not actually affect it. The Trial Judge thought that $1000.00 was adequate compensation and we fail to see where he has abused his discretion, and that the amount is neither excessive nor insufficient.
For the foregoing reasons it is ordered that the judgment of the Trial Court insofar as it casts John C. Kimble be reversed, and judgment rendered dismissing this suit insofar as he is concerned. It is further ordered that in all other respects the judgment of the Trial Court is affirmed with costs borne by appellants, John L. Griffin and Associated Indemnity Corporation.
Reversed in part, and affirmed in part.