AYRES, Judge.
This is an action in tort wherein plaintiff Mrs. Mattie Frances Addison Meek seeks to recover damages for personal injuries, pain, suffering, and disabilities sustained in a motor vehicle collision near *663 noon of October 23, 1968, at the intersection of Greenwood and Jewella Roads in the City of Shreveport. Plaintiff’s husband, Billy Duane Meek, joined as a party plaintiff, seeks reimbursement of hospital and medical expenses incurred in the treatment of his wife’s injuries and judgment for damages to the family automobile.
Greenwood Road, a segment of U. S. Highway 80 which traverses the City of Shreveport from east to west, is a main 4-lane thoroughfare. Jewella Road is likewise a 4-lane north-and-south thoroughfare as it traverses the city. Movement of traffic through the intersection of these two streets is governed by conventional electric signal lights.
Three vehicles were involved in the collision. Mrs. Meek, who approached the intersection from the north on Jewella, stopped her Plymouth Valiant on the inside southbound traffic lane in obedience to an unfavorable signal light. While her vehicle was thus stopped an Oldsmobile driven by John Douglas Henson northerly on Jewella proceeded into and attempted to cross the intersection. Coincidentally with Henson’s entry in the intersection, a 2-ton International dairy truck owned by Sanitary Dairy Products, Inc., driven by Fairy Baker, an employee of Edgar F. Greer, d.b.a. Ed Greer’s Gulf Service, approached the intersection from the east on Greenwood Road, proceeded into the intersection and struck the Henson automobile on its right rear panel as it was crossing the inner westbound traffic lane of Greenwood Road, the lane occupied by the truck. The Henson vehicle, by force of the impact of the collision, spun around and struck the Meek Plymouth as Mrs. Meek continued to await a change of signals to permit her entry and left turn in the intersection. Thus Mrs. Meek sustained the injuries for which she seeks to recover damages.
Made defendants were Henson and his insurer, State Farm Mutual Automobile Insurance Company; Fairy Baker, his employer, Edgar F. Greer, d.b.a. Ed Greer’s Gulf Service, and Greer’s insurer, Casualty Reciprocal Exchange; and Sanitary Dairy Products, Inc., and its insurer, The Aetna Casualty and Surety Company.
Negligence charged by plaintiffs to each of the two drivers of the alleged offending vehicles, Henson and Baker, consists of (1) failure to obey the traffic light, to keep their vehicles under control, or to yield the right of way, and (2) proceeding at excessive speeds. In addition, Henson was charged with executing a dangerous left-turn maneuver in the face of oncoming traffic.
An exception of no cause of action on behalf of Sanitary Dairy Products, Inc., was sustained. A judgment of dismissal of plaintiffs’ action as to this defendant was signed and filed February 4, 1970. No appeal was taken from that judgment; hence that defendant is not before the court.
The trial court, after a hearing on the merits of the case, concluded that Henson’s negligence in ignoring a red signal light and proceeding into the intersection at an excessive rate of speed was the sole cause of the accident. There was judgment accordingly in favor of Mrs. Meek against the defendants Henson and State Farm, in solido, for the principal sum of $10,000.00, the policy limit of coverage for one person in one accident, and against Henson alone for an additional principal sum of $5,000.00; and in favor of Billy Duane Meek against the same defendants in solido for $100.00, and in his favor against Henson alone for an additional sum of $2,327.05. Plaintiffs’ demands against defendants Baker, Greer, Greer’s insurer, and The Aetna Casualty and Surety Company were accordingly rejected.
From the judgment thus rendered and signed, the defendant State Farm appealed suspensively and devolutively. Plaintiffs and Henson likewise appealed but only devolutively. Plaintiffs seek, by their ap *664 peal, to hold liable the defendants exonerated in the judgment and an increase in the award made by the trial court.
The defendants Henson and State Farm assign as errors the conclusions of the trial court (1) that Henson ignored the red traffic signal light and crossed into the path of the truck which had a favorable light, (2) that the speed of the Henson vehicle was so excessive as to impose upon the driver of the truck no obligation to await the clearance of the intersection before entering it, (3) that the aforesaid action on the part of Henson made it impossible for defendant Baker to do anything other than what he did, that is, to continue his travel into the intersection, and (4) in relying upon circumstantial evidence, contrary to direct evidence, with reference to the status of the traffic light facing Henson and as to the speed of his automobile. These defendants accordingly assert Henson’s freedom from fault and join plaintiffs who assert that Baker was likewise at fault.
Mrs. Meek alleged and testified that Henson approached the intersection from the west on Greenwood Road and attempted a left turn northward into Jewella. In this she was obviously mistaken. From the testimony of all other witnesses it must be concluded Henson approached the intersection from the south on Jewella with the intention of proceeding northerly through the intersection.
Notwithstanding the testimony of Henson and his witness, Bobby Dale Pres-son, the testimony from all other witnesses makes it clear that Henson entered the intersection on a red light. Presson testified he observed Henson’s car when Henson was a distance of approximately 300 feet south of the intersection, at which time the light was green. However, Pres-son did not thereafter make further observation of the light; hence he was not in position to know or to testify as to the status of the light when Henson entered the intersection. Presson’s testimony was weakened by the fact that he saw Mrs. Meek stopped at the intersection while she was awaiting a change of lights to a favorable signal to proceed into the intersection. If the light was unfavorable to Mrs. Meek, then it was unfavorable on the opposite side to Henson. Although there had been some malfunctioning in the light theretofore, it was operating normally on the day of the accident, as testified by an investigating officer of the city who made special observation of it at the time of the investigation of the accident. Moreover, at the scene of the accident, in the presence of several persons Henson stated that he ran a red light.
The liability of Baker and of the other defendants exonerated in the judgment of the trial court is primarily dependent upon a resolution of the question of Baker’s negligence in not according Henson the right of way and the opportunity of completing his movement through the intersection. Thus it is contended that Henson entered and pre-empted the intersection before Baker’s entrance therein. Reliance is placed on the fact that Henson traveled farther into the intersection than Baker prior to the collision. No doubt this is true. The record establishes that Henson traveled less than three-fourths the width of the street as compared to less than one-half thereof by Baker. The greater speed of Henson, it would appear, accounts for at least a portion of the greater distance traveled by Henson. Inasmuch as neither Henson nor Baker claimed to have seen the other until momentarily before the collision, neither could testify with respect to priority of the entrance of the other into the intersection. According to Ray Sumlin, who had been following Baker at a distance of 10 to 15 feet to Baker’s rear for a city block, Henson entered the intersection only momentarily or at a split-second interval before Baker entered it. Sumlin said the signal light changed from red to green for them and the traffic on Greenwood Road when he and Baker were at a distance of about 75 to 100 feet from the intersection. But, as *665 heretofore noted, it was clearly established that Baker had a favorable light and was traveling at a lesser speed. The facts, however, indicate there was little difference in the time the two vehicles entered the intersection.
As was pointed out in Butler v. O’Neal, 26 So.2d 753, 756 (La.App., 2d Cir. 1946):
“Pre-emption of an intersection, under the principles established by our jurisprudence, does not mean the prior entry of a vehicle simply by a matter of a few feet, or, in relation to the time element, by a fraction or a second ahead of another vehicle, but, in order to support a charge of negligence, such preemption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions.”
This principle has apparently been consistently followed. For instance, see, among many subsequent cases, the following:
Moore v. Shreveport Transit Company, 115 So.2d 218, 223 (La.App., 2d Cir. 1959);
Earles v. Volentine, 191 So.2d 740, 743 (La.App., 2d Cir. 1966 — writ refused).
Reliance is, however, placed by plaintiffs as well as State Farm on pronouncements found in Bettis v. Paulsen-Webber Cordage Corp., 217 So.2d 662, 665 (La. App., 4th Cir. 1969), and Cavalier v. State Farm Insurance Company, 224 So.2d 22, 25 (La.App., 1st Cir. 1969). There it was said that:
“ ‘* * * where traffic is controlled by an electric semaphore light, although a motorist generally may rely on the assumption that others will obey the traffic signals, he is guilty of negligence if he proceeds into an intersection immediately after a red light turns to green without allowing a reasonably sufficient time for vehicles in the intersection to clear the intersection, even if such vehi-cíes are in the intersection in violation of the traffic light.’ ”
224 So.2d 22, 25.
This principle is inapplicable to the facts and circumstances of the instant case. The proof is that Henson did not enter the intersection on a favorable light. Nor is there any contention that Baker immediately, after a change of signals, rushed into the intersection. The record, moreover, makes it very clear that Henson never pre-empted the intersection. It is equally clear that Baker was proceeding at a moderate speed, possibly as slow as 25 m.p.h. when he entered the intersection on a favorable light, which he had observed for a distance of 75 to 100 feet before reaching the intersection. His driving was in accordance with positive law.
Under similar circumstances, in Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 295 (1945), a case comparable in many respects to the instant case, the Supreme Court refused to hold a truck driver proceeding on a green light guilty of negligence for failing to observe that another motorist approaching on an intersecting street and confronted by a red light was not going to stop. There the court quoted with approval an observation made in a dissenting opinion in the case when it was before the Court of Appeal. There it was stated:
“We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law *666 will be obeyed by others. Hence, in gauging the fault which is attributed to one, who was operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.” (Emphasis supplied.)
17 So.2d 506, 513-514.
Thus, a motorist on a favored street, that is, one with a favorable signal, has a right to assume that any driver approaching an intersection on a less-favored street, that is, one confronted by a red light, will observe the law, and the motorist may indulge in such assumption until he sees, or should see, that the other driver has not observed, or is not going to observe, the law.
Kientz v. Charles Dennery, Inc., supra;
Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849 (1948);
Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 434-435 (1960).
We find no basis in this record, as the trial court did not, for concluding that Baker was guilty of fault or of a most substantial dereliction of duty or of such a direct factor that without it the accident would not have occurred. Our conclusion is in accord with that reached by the trial court, that Baker was free from fault.
Inasmuch as a finding of fault on the part of Baker is a prerequisite to a finding of liability on the part of the defendants exonerated by the trial court, a discussion or consideration of the several other defenses advanced by them may be pretermitted together.
With respect to the question of an award that will substantially compensate Mrs. Meek for her injuries, it may be observed that, according to the testimony of her physicians, she sustained a disability equal to a percentage of from 12 to 23 percent of her body as a whole. She was treated for her injuries from the date of her accident on October 23, 1968, through November 11, 1969. Her family physician found a classic sprain and contusion of plaintiff’s cervical area. There were also contusions of the lower abdomen, right thigh, and right ankle. Injuries to the abdomen, thigh, and ankle eventually cleared up, but the effects of a whiplash-type injury endured over an extended period of time. On August 24, 1969, Dr. Boris Froh-man performed a right scalenotomy and Dr. Donald F. Overdyke removed a herniated disc at the L^-5 area. For a period of more than ten months Mrs. Meek endured pain and discomfort.
The trial court concluded that Mrs. Meek’s injuries warranted a judgment in her favor of $15,000.00, $10,000.00 of which was in solido against Henson and his insurer and $5,000.00 against Henson individually. Special damages were awarded plaintiffs. No complaint is made with respect to the allowance of the special damages.
Much discretion is accorded a trial judge or jury in making awards of damages. In view of the holdings in Gaspard v. Le-Maire, 245 La. 239, 158 So.2d 149 (1963), on rehearing, and in Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964), and subsequent pronouncements in accordance therewith, we are unable to find, from the extent of Mrs. Meek’s injuries as disclosed by the record, that the trial court abused its discretion in fixing the awards.
Consequently, and for the reasons assigned, the judgment appealed is affirmed at the cost of defendants-appellants.
Affirmed.