For the reasons assigned, this application be now dismissed.

---

(63 South. 401.)

No. 19,990.

COLES v. NEW ORLEANS RY. & LIGHT CO.

KANE v. SAME.

(Nov. 3, 1913.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 999*)—STREET RAILROADS (§ 85*) — NEGLIGENCE — COLLISION WITH FIRE APPARATUS.

While firemen and their apparatus have a right of way at a street railway crossing, in the case of collision with a street car the company will not be condemned in damages where the evidence tends to show that the motorman used ordinary care in discovering the approach of the fire apparatus and in endeavoring to avoid a collision, and that the driver did not keep a proper lookout and did not slow up on approaching the street car tracks. In such a case, where the evidence, as usual, is conflicting, the verdict of a jury in favor of the defendant will not be disturbed, unless clearly wrong on the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3921, 3923, 3924; Dec. Dig. § 999;* Street Railroads, Cent. Dig. §§ 193, 195; Dec. Dig. § 85.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Actions by Richard Coles and by John Kane against the New Orleans Railway & Light Company. From a judgment for defendant in each case, plaintiff appeals. Affirmed.

E. M. Stafford and H. W. Robinson, both of New Orleans, for appellants. Dart, Kernan & Dart, of New Orleans, for appellee.

LAND, J. These two cases were consolidated in the court below. There was a verdict and judgment for defendant, and the plaintiffs have appealed.

Richard Coles and John Kane were members of the fire department of the city of New Orleans and were on November 25, 1911, on duty with the hose wagon stationed on St. Mary street, between St. Charles avenue and Carondelet street. About 6 p. m. on that day an order was received by them to proceed with the hose wagon to a fire on Prytania street. The plaintiffs in obedience to the order proceeded with the hose wagon, drawn by one horse, towards and across St. Charles avenue, until a collision occurred between the wagon and an electric street car at the second crossing on said avenue. John Kane on that occasion was the driver of the hose wagon, and Richard Coles was seated by his side. Both were thrown out of the wagon by the collision and thereby received more or less painful injuries.

The cause of action is the same in both cases and is set forth in the petitions substantially as follows:

That under the state statutes and municipal ordinances the hose wagon had the "right of way."

That the motorman saw or should have seen the wagon or heard the long and continued clamor of its gong in time to have avoided the collision, but the motorman made no effort to stop the car, which struck the horse and wagon and knocked them to one side. That the accident was due solely to the fault of the motorman in failing to obey the law granting to fire apparatus the right of way and stop his car or slacken its speed so as to enable the hose wagon to pass safely.

Defendant, after pleading the general issue, averred that the accident was due to the careless and reckless driving of John Kane (who was not the regular driver) upon defendant's tracks at a time when the electric car was approaching in full view and giving warning of its approach and was then so close that it was apparent to any one of ordinary understanding that it was highly imprudent to attempt to cross in front of the car.

Section 8 of Act 58 of 1910 reads in part as follows:

"That the officers and men of the fire department with their apparatus of all kinds, when on duty, shall have the right of way to any fire and in any highway, street or avenue, over any and all vehicles of any kind except those carrying the United States mail."

In Dole v. New Orleans Ry. & Light Co., 121 La. 946, 46 South. 929, 19 L. R. A. (N. S.) 623, decided in June, 1908, the court, speaking of the men, horses, and apparatus of the fire department, said that the requirement that individuals and vehicles upon less pressing missions shall not only accord them the right of way but should hold themselves in readiness to do so when they have reason to anticipate that the fire engines or hose carriages may appear is not unreasonable. In that case a fire engine house was located in close proximity to a street car track, and the car approached at full speed, and the motorman failed to stop on a signal given when the car was 144 feet distant from the house. Plaintiff's counsel also cite the following extracts from Nellis on Street Railways:

"Sec. 394. That it is negligence to run a car over a crossing in a much traveled street at a high and dangerous rate of speed, or without being on the lookout and having the car under control, and using the proper means to stop it so as to avoid a collision."
"Sec. 397. It is the duty of the conductor as well as the motorman, if either hear the sound of a gong on a hose carriage, or by the exercise of ordinary care might have discovered the danger in time to have averted the collision, to use all means at hand to that end; and the company is responsible for the negligence of either."

Section 394 has no application to this case, as there is no evidence that the crossing in question was a much traveled street or that the speed of the car was high and dangerous.

The real question before us is whether the motorman used ordinary care to discover the approach of the hose wagon and all means at hand to avoid the collision.

The fire station was situated on St. Mary street 200 feet from St. Charles avenue. The motorman testified that he did not know of the existence of said station, and there is no evidence to the contrary. He further testified that he did not hear the fire gong and did not see the firemen until the hose wagon had about reached the sidewalk of St. Charles avenue; that at that moment his car was about 90 or 100 feet, or about half a block, from the crossing; and that he used every means in his power to stop his car in time to avoid the collision.

The car and vestibule were closed, and the conductor and one or more passengers testified that they did not hear the fire gong. In a case like this, distances and speed are largely matters of guesswork. The plaintiffs had an open view of St. Charles avenue but saw nothing of the brilliantly lighted car until it was right upon them. The driver did not slow up, as he should have done on approaching the street car tracks. This is customary. Coleman's Case, 122 La. 630, 631, 48 South. 130, 21 L. R. A. (N. S.) 810, 16 Ann. Cas. 1217.

The jury decided both cases in favor of the defendant. The verdicts were unanimous, and the jurors were better judges of the credibility of the witnesses and of the question of ordinary care than we can be. We have reviewed the evidence and are unable to say that the verdicts are against the preponderance of the evidence. We are glad to be able to state that the injuries suffered by the plaintiffs were not serious. One of them went on with his daily work, and the other was confined for 11 days.

It is therefore ordered that the judgments below be affirmed, and that plaintiffs pay costs of appeal.