HAMITER, Justice
(dissenting).
A collision between two automobiles, occurring in the City of Shreveport shortly after midnight on October 20, 1955 at the intersection of Claiborne and Linwood Avenues which is controlled by an overhead electric semaphore signal light, resulted in serious injuries to Allean Youngblood. Recovery therefor is sought in this tort action instituted by her against both drivers, Douglas W. Robison and Dr. Carroll V. Guice, and their respective liability insurers.
Traveling north on Linwood Avenue (paved and forty feet wide) the Robison car entered the intersection on a red light .at an estimated speed in excess of fifty miles per hour. While therein it was struck on the left side (near its rear) by the Guice automobile which was proceeding easterly .along Claiborne Avenue (paved and thirty feed in width) on a green light. The Robison vehicle then veered northeasterly ■off the street and crashed into plaintiff who -was in a safety zone, standing on a platform and waiting for a trolley, some ninety-six feet from the point of impact.
In the accident one of plaintiff’s legs was completely severed from the body, the other was mangled, and she sustained internal injuries. Later, the mangled leg was amputated and an abdominal operation (laparotomy) was performed on her.
The case was tried by a jury, and it concluded: “Verdict for plaintiff and against the defendants in solido in the amount of $25,000.00. The solidary liability of the defendant, Allstate Insurance Company, is limited to $10,000.00, and the solidary liability of the Fidelity Mutual Insurance Company is limited to $5,000.00. David J. Billeiter, Foreman.”
Complaining that there was no evidence to the effect that he was guilty of negligence which was a proximate cause of the accident Dr. Guice, together with his insurer (the Allstate Insurance Company), moved for a new trial. In overruling the motion the district judge (the late Honorable James U. Galloway) commented in part as follows: “ * * * I am not prepared to say that there was no evidentiary basis for the jury’s holding that Doctor Guice was guilty of actionable negligence in this case, for there was evidence in the record in the form of testimony, in the form of physical facts, upon which honest men could have reached the conclusion that this jury reached.
*351 “ * * * We repeat, we think there is an evidentiary basis for the jury’s verdict in this case and that 'it is not contrary to the law or the evidence. For if, indeed, it be true that Doctor Guice saw or should have seen Robison’s car at a time when he could or should have taken some steps to avoid it, notwithstanding the fact that he had the green light, it would be the law that he would be liable; that his negligence would or could be a proximate cause of this accident. Even if we might have decided otherwise, which we decline to say, we think the verdict is supported by the law and the evidence and is not contrary.”
Thereafter, the judge decreed, formally and in writing, that “ * * * the verdict of the jury be and it is hereby made the judgment of the Court * *
Appealing to the Court of Appeal for the Second Circuit were only Dr. Guice and his insurer. There, with one of the three judges dissenting, the judgment was affirmed. 98 So.2d 570, 578. Among the pertinent observations contained in the majority opinion of the Court of Appeal are the following: “ * * * it is obvious that under a traffic light system the dangers at street intersections are less than if there were no such signals, and the principle is recognized that where the danger decreases, less care is exacted, but it has to be remembered that the traffic light system does not eliminate all dangers at intersections, and, therefore, that all care and precaution are not dispensed with. Even though Dr. Guice was proceeding into the intersection under a favorable traffic signal, it could only be concluded that his failure to look to the right at all for approaching traffic constituted negligence and establishes that he failed to exercise the slight care required of him. Having thus failed and proceeding into the intersection in the face of imminent and impending danger, the conclusion is inescapable that the Doctor was guilty of negligence constituting a' proximate contributing cause of the accident.”
On separate applications of Dr. Guice and his insurer, Allstate Insurance Company, we granted the writ of certiorari or review; and the cause has been submitted for our consideration.
For determining the question of liability of applicants (admittedly Robison was grossly negligent and, as before stated, he and his insurer did not appeal from the judgment) the following legal principles, announced in cases cited and relied on by them, appear to be appropriate: “It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of cáution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law. But it also can *353 not be disputed that under the traffic light system a motorist, who is proceeding on a proper signal, should not be held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed and he is not required to anticipate that pedestrians or other motorists will, in violation of law, enter a crossing on a wrong signal. The danger at such crossing is less than if there were no such signals and therefore less care is exacted. * * * ” Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294. "The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. * * * ” Koob v. Cooperative Cab Company et al., 213 La. 903, 35 So.2d 849, 851.
After thoroughly and carefully studying the record in the light of the aforequoted pronouncements I am unable to say that the Court of Appeal erred in concluding (as evidently the jury in the district court also did) that the evidence preponderately disclosed negligence on the part of Dr. Guice that proximately caused the collision and plaintiff’s injuries.
Dr. Guice testified that prior to the collision he, along with two companions seated beside him, proceeded easterly along Claiborne Avenue, facing a red light, at a speed of thirty to thirty-five miles per hour until he was about one-half block from the intersection. At that point he removed his foot from the accelerator and slowed somewhat. (The maximum speed limit on that street is not disclosed by the record.) When approximately thirty feet, or about two car lengths, from the intersection the semaphore signal changed and he then accelerated his machine and continued easterly on the favored green light. He was asked: “You had your whole attention, your visual sense was concentrated, on that light; is that not correct?” And he replied: “I would say yes, sir.” He further said that momentarily after the acceleration he noticed the approach of the Robison car by “sort of a glance in my vision.” Thereupon, “I auto *355 matically reflexed and hit my brake real hard.”
As stated by Officer C. E. Nunley of the Shreveport Police Department, who made a thorough investigation of the accident and the area where it occurred, a person on Claiborne Avenue could see down (south on) Linwood Avenue (1) several hundred feet when located thirty feet west of the intersection and (2) approximately four car lengths if a similar distance away. Officer Nunley also testified that when Dr. Guice applied the brakes all four wheels of his car skidded a distance of twenty-eight feet before crashing into the left side of the Robison car. It further appears, from photographs contained in the record, that extensive damage was sustained by both vehicles.
From the foregoing circumstances it can well be concluded that Dr. Guice acted incautiously in entering the intersection and, therefore, was guilty of some negligence that proximately caused the collision. In the first place they suggest that Dr. Guice was not maintaining a general observation of the entire intersection as was his duty. If he had done so, instead of concentrating his attention on the green light, he would have noticed the approaching and speeding Robison automobile, especially its burning and glaring headlights; he would have realized the impending danger that lay ahead; and he would have had sufficient time to avoid the collision. In the second place the mentioned lengthy skid marks made by Dr. Guice’s car and the extensive damage sustained by both vehicles (these obviously constituted some of the physical facts to which the trial judge alluded, as shown above) would seem to indicate that Dr. Guice entered the intersection at an excessive rate of speed.
Applicable to this cause, I think, is the following observation made by the Court of Appeal of the First Circuit in Veal v. Audubon Insurance Company of Baton Rouge, 114 So.2d 648, 659: “ * * * This is admittedly a borderline situation, and we have held that in such instances (where a second or so, or a few feet may make the difference between negligence or not) we will not disturb the determinations of the trier of fact unless manifestly erroneous. * * * ” See also Gillion v. New Orleans Railway and Light Company, 130 La. 777, 58 So. 569 and Coles v. New Orleans Railway and Light Company, 133 La. 915, 63 So. 401.
For the foregoing reasons I respectfully dissent.