REGAN, Judge.
Plaintiff, Robert E. Roussel, the owner and operator of a Mercury automobile, instituted this suit individually against William Marshall, as the owner of a Chevrolet station wagon, and his minor daughter Yvonne Marshall, by and through her father, endeavoring to recover the sum of $529.60, representing property damage incurred by virtue of a collision in the intersection of Airline Highway and Williams Boulevard on December 15, 1952, at 7:30 p. m., which he asserted occurred when the daughter violated a red semaphore signal light that regulated traffic in this intersection.
Defendants answered and denied that the accident resulted from the negligence of the daughter and insisted that Doris T. Marshall, his wife, was the operator thereof and that she likewise was free of any negligence which could be construed as the proximate cause of the accident. In the alternative the defendants pleaded the contributory negligence of the plaintiff and that he possessed the last clear chance of avoiding the accident.
*466 From a judgment in favor of plaintiff as prayed for, defendants have prosecuted this appeal.
The facts are relatively simple. On the night of the accident, the plaintiff was driving in the left lane of the inbound[1] roadway of the Airline Highway; the Marshall station wagon was being driven across the Airline from the lake side toward the river on Williams Boulevard and had crossed the two outbound [2] lanes when the front of plaintiff’s vehicle struck the right front fender and door of the station wagon.
The plaintiff in explaining the manner in which the foregoing accident occurred testified that he was driving in the Airline Highway about twenty-five miles per hour and that when he was approximately 100 feet removed from the intersection of Williams Boulevard, he observed the signal light change from red to green in his favor. As he entered the intersection, the Marshall vehicle suddenly appeared in his path, and the collision occurred without affording him an opportunity of avoiding it. He positively identified the minor as the operator of the station wagon, and in substantiation thereof asserted that immediately after the accident he visited the occupants of the Marshall automobile and conversed with Mrs Marshall who was sitting in the right front seat. He did not ask Mrs. Marshall whether she had been driving because he “knew she wasn’t.” Plaintiff’s testimony in this respect is supported by Ralph Schrader, a service station attendant, who stated that after the accident Mrs. Marshall came to his station to use the telephone and informed him that her daughter was driving the station wagon when the accident occurred.
Mrs. Marshall’s version of the accident is conflicting; but as we understand it, she related that she was driving the station wagon at a conservative speed toward the river on Williams Boulevard; as she approached the Airline Highway, the light was green; she reduced the speed of her vehicle when she reached the intersection, and at that moment the light changed to caution or yellow. She then traversed the two outbound lanes of the highway without mishap; but as she was endeavoring to negotiate the inbound lanes, the plaintiff’s vehicle crashed into the right front side of the station wagon.
Her daughter, who was fifteen years of age when the accident occurred, testified that she never observed the semaphore signal light nor saw plaintiff’s automobile. In fact she said that she was not even looking and that she occupied the right front seat of the station wagon as a passenger and not as the operator thereof.
In the final analysis it makes little difference who the operator of the defendant’s vehicle was when the accident occurred. However, the trial judge obviously concluded that the minor Yvonne Marshall was the driver thereof and that her negligence in entering the intersection against a red traffic light was the proximate cause of the accident. Only a question of fact was posed for consideration by the lower court, and our examination of the record fails to reveal any reversible error in the foregoing conclusion reached by it.
The evidence preponderates to the effect that the defendant’s vehicle actually entered the intersection on a.red light, which was the proximate cause of the accident. There is not one scintilla of evidence in the record which reveals any contributory negligence on the part of the plaintiff, nor did he ever possess an opportunity to avoid the accident.
It is true that we have repeatedly expressed the opinion that the existence of a green traffic light in an intersection does not of itself justify the abandonment of caution and thus enable a motorist to heed *467 lessly drive into the intersection irrespective of traffic conditions existing therein; however, a motorist who approaches such an intersection is not required to exercise the same degree of care and vigilance with respect to the traffic therein as he is expected to exemplify at an intersection not protected by a traffic light. The knowledge that intersectional traffic is controlled or regulated by a semaphore signal light serves to some extent as assurance that the other operators confronted with an unfavorable light will observe the existence thereof and not negligently undertake to traverse the intersection unless the color of the light invites them to do so.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. For traflio moving from Baton Rouge toward New Orleans.

. For traffic moving from New Orleans toward Baton Rouge.