REGAN, Judge.
Plaintiff, Lucinda Moss, widow of John Dickson, instituted this suit against the defendants, the Traveler’s Insurance Company, Billups Petroleum Company, Inc. and Kyle H. Barbrow, the insurer, owner and driver, respectively, of a gasoline tank truck, endeavoring to recover $25,567, representing damages for personal injuries, medical expenses and property damage incurred by virtue of a collision in the intersection of N. Claiborne Avenue and Du-maine Street on March 15, 1957 at 2:30 p. m., which, plaintiff asserted, occurred when Barbrow violated a red semaphore signal light that regulated the movement of traffic in this intersection.
Defendants answered and denied that Barbrow was negligent, and in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment awarding plaintiff damages of $379.50 for medical expenses, $100 for property damage, and $7,500 for personal injuries, pain and suffering, the defendants have prosecuted this appeal.
This case was consolidated with a similar suit arising out of the same accident in order to facilitate and expedite the trial thereof. The suit referred to is entitled Northern Insurance Company of New York v. Barrow, La.App., 119 So.2d 163.
In that case, Northern Insurance Company of New York, the subrogee collision insurer of plaintiff herein, sued the defendants, endeavoring to recover $559.11, representing the amount it paid to Lucinda Moss Dickson to reimburse her for damage to the truck under a policy containing a $100 deductible provision.
This record discloses that the facts are relatively simple, but, of course, as usual, disputed; however, we find that the accident happened in this manner:
The collision occurred in the intersection of Dumaine Street and the St. Bernard bound roadway of N. Claiborne Avenue. Dumaine Street is a one-way street, accommodating lakebound traffic. North Claiborne Avenue is composed of two roadways, one of which services Canal Street bound traffic, the other, traffic moving in the opposite direction. The roadways are divided by a spacious neutral ground.
Shortly before the accident, plaintiff was driving in Dumaine Street and when she reached the point where it intersects North Claiborne Avenue, she stopped her vehicle in obedience to a red traffic signal light. A truck, operated by John Carter, also stopped for the light on the right side of plaintiff’s vehicle. When the light turned green, Carter and plaintiff both looked to the left and observed two vehicles stopped in the downtown bound roadway of N. Claiborne Avenue, one in the neutral ground traffic lane and the other in the lane nearest the sidewalk. Carter’s vehicle *162 stalled across the roadway first, followed bv the plaintiff.
When plaintiff reached the center of the intersection, she heard what she euphoniously described as “brakes crying”; she quickly turned toward the source of the noise and noticed the Billups tank truck less than two yards away before it struck her vehicle broadside. The tank truck, traveling away from Canal Street in N. Claiborne, was driven through the unobstructed center lane therein and its driver had failed to observe the red light facing him in time to stop before entering the intersection. This is evidenced by 28 feet of skid marks, measuring from the point of impact in the center of the intersection-back in the direction from which the Bill-ups truck had traveled. The foregoing collision caused plaintiff’s truck to be pushed into the left rear of the Carter vehicle, which had almost completely negotiated the roadway.
Counsel for defendants assert that the plaintiff is guilty of contributory negligence because of her failure to observe the approaching tank truck before entering the intersection and in support of this conclusion rely on the rationale repeatedly enunciated by us that a motorist may not insist upon exercising the right-of-way afforded her by a traffic signal if she observes or should have observed an impending dangerous situation developing.
It is true that we have repeatedly expressed the opinion that the existence of a green traffic light in the intersection does not of itself justify the abandonment of caution and thus enable a motorist to heedlessly drive into the intersection irrespective of traffic conditions existing therein; however, a motorist who approaches such an intersection is not required to exercise the same degree of care and vigilance with respect to the trafile therein as she is expected to exemplify at an intersection not protected by a traffic light. The knowledge that intersectiona! traffic is controlled by a semaphore signal light serves to some extent as assurance that the other operators, confronted with an unfavorable light, will observe the existence thereof and not negligently undertake to traverse the intersection unless the color of the light invites them to do so.[1]
In determining what is negligent conduct we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially, we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury .or property damage and prescribe the proper rule for each.
Relative to quantum, defendants’ counsel complain that the award made by the trial court for personal injuries in the amount of $7,S00 was excessive. On the other hand, plaintiff’s counsel did not answer the appeal, requesting an increase in quantum and, therefore, insists that the award was reasonable and adequate.
As a result of this accident, plaintiff suffered with multiple contusions, involving the neck, shoulders, back, head, right chest, right leg and left hip for which she received treatment intermittently for more than one year after the accident, and for about nine months thereof, she suffered from headaches and pain in her left eye.
The medical evidence established that she suffered a 30% disability of the left shoulder, an arthritic condition existing in her neck was aggravated by the accident, and *163 as a result of the trauma to the right breast,. incurred by virtue of this collision, she was forced to have a lesion surgically removed therefrom three weeks before the trial in the lower court, apparently because of the fear of malignancy.
For the foregoing injuries the trial court, as we said hereinabove, awarded the sum of $7,500, which we believe to be adequate only insofar as money may make it so.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Roussel v. Marshall, La.App.1958, 99 So.2d 465; Kientz v. Charles Dennery, Inc., 1945, 209 La. 144. 24 So.2d 292.